IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GASTRONOMICAL WORKERS UNION LOCAL 610 AND METROPOLITAN HOTEL ASSOCIATION PENSION FUND, et al., <br><br> Plaintiffs <br><br> v. <br><br> LA MALLORQUINA, INC., <br><br> Defendant | CIVIL NO. 08-1255 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiffs Gastronomical Workers Union Local 610 (the "Union") and Metropolitan Hotel Association Pension Fund and its Trustees'(collectively, "Plaintiffs") motion for attorney's fees, costs, and accrued interest (**No. 27**), and memorandum in support thereof (No. 28).  Also before the Court is Defendant La Mallorquina, Inc.'s ("La Mallorquina") opposition thereto (No. 31).  Plaintiffs' reply brief (No. 36) and Defendant's sur-reply (No. 39) are also pending before the Court.  For the reasons stated herein, Plaintiffs' motion is hereby **GRANTED IN PART AND DENIED IN PART**.

I.   **PROCEDURAL BACKGROUND**

Plaintiffs filed the instant lawsuit pursuant to Sections 4201-4225 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (the "MPPAA"),

CIVIL NO. 08-1255 (JP)            -2-

29 U.S.C. § 1381 *et seq.*, for La Mallorquina's failure to pay withdrawal liability when its obligation to contribute to the Fund ceased.  The Court will not go into great detail here on the factual underpinnings of this case because they are set forth in uncontested facts section of the Court's earlier Opinion and Order (No. 25).

On February 9, 2009, the Court granted Plaintiffs' motion for summary judgment (No. 25), and also granted Plaintiffs' motion to dismiss Defendant's counterclaim.  Further, in the same Opinion and Order, the Court *sua sponte* dismissed the Third Party complaint filed by Defendant against the Union.  The Court awarded $17,785.20 plus interest, costs and attorneys' fees to Plaintiffs.  In accordance with the Court's Final Judgment, issued on February 9, 2009 (No. 26), Plaintiffs filed the instant motion requesting attorney's fees in the amount of $20,845.00, costs in the amount of $2,649.89, and accrued interest in the amount of $2,041.44.

## II. **ANALYSIS**

### A. **Fees and Costs under Section 502(g)(2) of ERISA**

Defendant first argues that Plaintiffs' motion should be denied because Plaintiffs have failed to establish that they meet any of the criteria for an award of attorney's fees and costs. Section 502(g)(2) of ERISA, under which Plaintiffs filed the instant complaint, provides for a mandatory award of prejudgment interest plus liquidated damages in an amount at least equal to that interest, as well as reasonable attorney's fees and costs, on behalf of the

CIVIL NO. 08-1255 (JP)            -3-

prevailing plaintiff. 29 U.S.C. § 1132(g)(2). As stated another way in the Court's Opinion and Order (No. 25), an employer's failure to make timely withdrawal liability payments is considered in the same manner as a contribution delinquency under ERISA, and therefore the prevailing plan is entitled to accrued interest, liquidated damages, attorney's fees and costs, in addition to the delinquent amounts. See 29 U.S.C. § 1451(b). Although it is generally true that the awarding of attorney's fees and costs is discretionary in ERISA cases, when a fund prevails in a suit to compel payment of withdrawal liability, the district court's award of reasonable attorney's fees is mandatory, not discretionary. See Board of Trustees of Trucking Employees of New Jersey Welfare Fund, Inc.-Pension Fund v. Centra, 983 F.2d 495, 509 (3d Cir. 1992).[1]

    Given that the award of attorney's fees and costs to the prevailing fund is mandatory under a withdrawal liability case brought pursuant to Section 502(g)(2) of ERISA, the Court need not consider the six criteria for determining whether attorney's fees and costs should be discretionarily imposed pursuant to Section 502(g)(1) of ERISA. See Torres-Negrón v. Ramallo Bros. Printing, 203 F. Supp. 2d 120, 126 (D.P.R. 2002). Accordingly, the Court agrees with Plaintiffs that they are statutorily entitled to attorney's fees and costs in this litigation.

---

1.    It is the Court's understanding that the United States Court of Appeals for the First Circuit has not specifically addressed this issue.

CIVIL NO. 08-1255 (JP)          -4-

**B.   Attorney's Fees**

Next, Defendant argues that the amount of attorney's fees requested by Plaintiffs is unreasonable.  The First Circuit has held that:

> In fashioning fee awards, the attorneys' contemporaneous billing records constitute the usual starting point, but the court's discretion is by no means shackled by those records . . . . It is the court's prerogative (indeed, its duty) to winnow out excessive hours, time spent tilting at windmills, and the like.

Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295-96 (1st Cir. 2001) (citing Coutin v. Young & Rubicam, Inc., 124 F.3d 331, 337 (1st Cir. 1997)).  Likewise, a court is not bound by an attorney's standard billing rate, although it may take guidance from said rate.  Gay Officers Action League, 247 F.3d at 296.  In determining a reasonable hourly rate, the United States Supreme Court has stated that courts should use "the prevailing market rates in the relevant community" as the starting point, thereby considering the rates in the community for similar services provided by attorneys of reasonably comparable skill, experience and reputation.  Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1190 (1st Cir. 1996) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). The First Circuit has stated that it is generally deferential toward a district court's methodology and rationale in determining a fee award.  United States v. Metropolitan Dist. Com., 847 F.2d 12, 16 (1st Cir. 1988).

CIVIL NO. 08-1255 (JP)          -5-

Although Plaintiffs undoubtedly prevailed in this lawsuit and are entitled to attorney's fees, the Court finds that the amount of fees requested by Plaintiffs – specifically, $20,845.00 – is excessive in the context of this litigation.  The instant case was filed on February 28, 2008 (No. 1) and a final judgment was entered less than one year later on February 2, 2009 (No. 26), based on the parties' summary judgment briefs.  No hearings or conferences were held before the Court.  It does not appear from Plaintiffs' affidavit and its accompanying documents that depositions were held or that extensive document review was conducted.  Although the Court finds that the rates for Plaintiffs' attorney José Barea are reasonable at $165.00 per hour, the rates charged by counsel in the District of Columbia are excessive for the District of Puerto Rico, and Plaintiffs have not provided an explanation why it was necessary to hire counsel outside of Puerto Rico for this matter.

Moreover, although some of the pleadings are signed by Jeffrey S. Swyers, there is no evidence on the docket that Attorney Swyers is admitted within the District of Puerto Rico or that he has moved for admission *pro hac vice* pursuant to Local Rule 83(f) of the Local Rules of the United States District Court for the District of Puerto Rico.  The same applies for Attorney Allison A. Madan, whose name appears on the pleadings on Plaintiffs' behalf.  There are six other attorneys listed on Plaintiffs' declaration for fees, along with two paralegals.  The number of individuals working on this matter on

CIVIL NO. 08-1255 (JP)          -6-

Plaintiffs' behalf strikes the Court as high, considering the short duration of the case and that less than ten pleadings were filed by Plaintiffs, including the instant motion for fees and costs.

The Court agrees with Defendant that the attorney's fees requested by Plaintiffs in this case are excessive in light of the short duration of the litigation, the lack of extensive discovery, the amount of withdrawal liability recovered by Plaintiffs, and the reasonable rate for an attorney working in the District of Puerto Rico.  Accordingly, the Court fixes the appropriate amount of attorney's fees owed to Plaintiffs at $10,000.00.

### C. Costs

Finally, Defendant argues that most of the costs requested by Plaintiffs are not taxable, constitute a double-billing, and were unnecessarily incurred.  The specific costs and expenses listed by Plaintiffs are photocopying, postage, Lexis-Nexis computer legal research, and Pacer electronic docket usage.

Defendant's argument focuses on payment of Lexis-Nexis and Pacer costs.  The First Circuit has held that costs for online research tools can be recovered if such costs are generally billed to a client as a separate item.  InvesSys, Inc. v. McGraw-Hill Cos., Ltd., 369 F.3d 16, 23 (1st Cir. 2004).  In support of their motion, Plaintiffs filed the declaration of Deborah J. Maguire ("Maguire") (No. 36, Ex. 2), Accounting Coordinator at Slevin & Hart, P.C. Maguire stated that the firm bills clients directly for Lexis-Nexis

CIVIL NO. 08-1255 (JP)          -7-

and Pacer Service Center charges.  Based on its knowledge of online research tools, the Court does not find the amount of costs listed by Plaintiffs' counsel to be excessive.  Therefore, the Court grants Plaintiffs' motion for costs in the amount of $2,649.89.

Defendant does not dispute the amount of accrued interest stated by Plaintiffs, and as such, the Court will not address this amount here.

### III. CONCLUSION

In conclusion, Plaintiffs' motion for attorney's fees and costs is **GRANTED IN PART AND DENIED IN PART**.  **On or before June 12, 2009,** Defendant **SHALL** pay Plaintiffs the following sums: (1) $10,000.00 in attorney's fees, (2) $2,649.89 in costs, and (3) $2,041.44 in accrued interest.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of May, 2009.

                                                s/Jaime Pieras, Jr.
                                                   JAIME PIERAS, JR.
                                        U.S. SENIOR DISTRICT JUDGE